UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | NOS.  CR-04-2160-LRS |
| Respondent, | ) | (CV-08-3034-LRS) |
| | ) | |
| -vs- | ) | |
| | ) | ORDER DENYING 28 U.S.C. §2255 |
| NICANDRO PINEDA-ARREGUIN, | ) | MOTION |
| | ) | |
| Movant. | ) | |

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed May 20, 2008 (Ct. Rec. 85, CR-04-2160, Ct. Rec. 1, CV-08-3034).  The Motion is submitted by Nicandro Pineda-Arreguin, who is appearing *pro se* for the purposes of these proceedings.

**I. BACKGROUND**

Mr. Pineda-Arreguin was indicted on November 10, 2004 for CONSPIRACY TO DISTRIBUTE A CONTROLLED SUBSTANCE in violation of 21 U.S.C.§846; DISTRIBUTION OF A CONTROLLED SUBSTANCE - METHAMPHETAMINE, in violation of 21 U.S.C.§841(a)(1); and POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE-METHAMPHETAMINE, in violation of 21 U.S.C.§841(a)(1).  Defendant pleaded guilty to Count Three of the Indictment on October 11, 2005 with a written plea agreement.  On March 23, 2006, Mr. Pineda-Arreguin was sentenced to a ten year minimum mandatory term of imprisonment with five years supervised release; and

a special assessment of $100.  Mr. Pineda-Arreguin filed a direct appeal
of his sentence on March 30, 2006 pursuant to Fed. R. App. P. 4(b)(1).

Mr. Pineda-Arreguin contends that his sentence is unconstitutional
based on two grounds: 1) safety valve should have been applied as he met
the five criteria; and 2) conviction obtained by plea of guilty which was
not "knowing nor intelligent." Ct. Rec. 136, at 3-4.

## II. DISCUSSION

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess
> of the maximum authorized by law, or is otherwise
> subject to collateral attack, may move the court which
> imposed the sentence to vacate, set aside or correct the
> sentence.

A petitioner is entitled to an evidentiary hearing on the motion to
vacate his sentence under 28 U.S.C. § 2255, unless the motions and the
files and records of the case conclusively show that the prisoner is
entitled to no relief. This inquiry necessitates a twofold analysis: (1)
whether the petitioner's allegations specifically delineate the factual
basis of his claim; and, (2) even where the allegations are specific,
whether the records, files and affidavits are conclusive against the
petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert.
denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote
omitted).

The statute provides that only if the motion, file, and records
"conclusively show that the movant is entitled to no relief" may the

ORDER - 2

Court summarily dismiss the Motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255.  The Rules regarding section 2255 proceedings similarly state that the Court may summarily order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS.  Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion.  *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

### A.  GROUND ONE—FAILURE TO GRANT SAFETY VALVE RELIEF

Mr. Pineda-Arreguin  challenges the fact that he did not receive so-called "safety valve" relief at sentencing. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.  The safety valve allows the court to sentence certain defendants without regard to the statutory minimum. U.S.S.G. § 5C1.2. He argues that the court erred in not granting safety valve relief. He claims that he qualified for safety valve relief and should have been given a two-level reduction in his offense level. More specifically, Mr. Pineda-Arreguin argues that he met the fifth criteria by providing a detailed written proffer prior to sentencing which set forth all he knew about the offense.  Mr. Pineda-Arreguin concludes he should have received an eighty-seven month sentence rather than a sentence of ten years.

Prior to sentencing, Mr. Pineda-Arreguin refused to an interview with the government, despite an opportunity to do so. (Trans. 3/23/06:

4.)  Three days before sentencing, Petitioner filed a written proffer. The court found at sentencing, based on the government's arguments and the written proffer, that Mr. Pineda-Arreguin had not truthfully provided to the government all information and evidence concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan pursuant to 18 U.S.C.A. § 3553(f).

The safety valve allows the court to sentence certain defendants without regard to the statutory minimum. U.S.S.G. § 5C1.2. A defendant must meet all of the following criteria to be eligible for the safety valve:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

Mr. Pineda-Arruguin has failed to offer additional evidence showing that he met the requirements of § 3553(f)(5), nor does the record in this

ORDER - 4

case contain any such evidence. (Trans. 3/23/06: 14-15.)   Mr. Pineda-Arreguin has a difficult road to travel in attempting to show prejudice in this case.    That is because safety valve consideration is just that-consideration. Pineda-Arreguin had been given the opportunity to be interviewed by the government—which he refused.   Instead, he proffered written information only, at his peril, for safety valve analysis. The government and the sentencing court believed that he had not provided a full and truthful account of his knowledge concerning the offense. *See, e.g.*, *United States v. Stephenson*, 452 F.3d 1173, 1180-81 (10th Cir.2006) (rejecting defendant's argument that his proffer letter was forthcoming enough to garner safety valve relief from the mandatory minimum sentence).

A motion for safety valve departure "does not entitle a defendant to downward departure, but only enables the sentencing judge to depart on that ground at his discretion." *United States v. Damer*, 910 F.2d 1239, 1240-41 (5th Cir.1990); *United States v. Harrison*, 918 F.2d 30, 32 (5th Cir.1990). In this regard, what Petitioner fails to mention is that, while the government did refuse to recommend a safety valve reduction based on the written proffer only, the sentencing judge made the factual determination that Petitioner did not qualify for it. (Trans. 3/23/06: 20). Specifically, the sentencing judge concluded that Petitioner had not been completely forthcoming in his proffer:

> The written proffer, which has come in three days before sentencing, is in written format.  It is under oath, but it is also a statement which is lacking in the type of detail which inherently must be present in this defendant's knowledge.  For example, he references a name of a person in an area in California.  That name is by first name only.  This person purportedly had

> provided substantial amounts of methamphetamine on
> credit, yet there's no detail with regard to where this
> person can be reached, what he or she looks like, what
> his background is, who he may be involved with, nor is
> there any additional details concerning other activities
> involved in the transport of that product from
> California to the state of Washington.

(Trans. 9/13/04: 20-21.)

Moreover, the plea agreement that the government offered to Mr. Pineda-Arreguin did not guarantee that he would receive the safety valve if he pled guilty.   The plea agreement Mr. Pineda-Arreguin signed specifically stated in paragraph 11 that:

> The United States and the Defendant acknowledge that the
> Defendant **may** be eligible for the safety valve
> provisions of 18 U.S.C. §3553(f) and U.S.S.G §5C1.2.  **If
> the Court determines the Defendant meets the criteria
> set forth in 18 U.S.C.3553(f)(1-5)**, the Defendant shall
> qualify for a 2-level reduction in the offense level,
> and the Court shall impose a sentence in accordance with
> the applicable sentencing Guideline without regard to
> any statutory minimum sentence.

Ct. Rec. 87. at 9. [Emphasis added.]

The burden of proof is on the defendant to show, by a preponderance of the evidence, his qualification for safety valve relief. *United States v. Washman*, 128 F.3d 1305, 1307 (9th Cir.1997). However, this is only an initial burden and once the defendant has shown he is eligible, "it falls to the Government to show that the information he has supplied is untrue or incomplete." *United States v. Shrestha*, 86 F.3d 935, 940 (9th Cir.1996). The court's finding that Defendant-Petitioner did not meet the requirements of the safety valve, i.e., his truthful cooperation with the government, is fully supported by the evidence.   It is additionally noted that Defendant-Petitioner also had safety concerns relating to his disclosure of information. (Ct. Rec. 112). The Court

ORDER - 6

finds that the Movant has failed to show a constitutional violation under Ground One.

**B.  GROUND TWO-GUILTY PLEA NOT KNOWING NOR INTELLIGENT**

Mr. Pineda-Arreguin alleges that his attorney Mr. Hernandez "assured him that if he signed the plea agreement he would qualify for a Guideline safety valve reduction because of his first offense status and his minor role in the organization." Ct. Rec. 136, at 3. He suggests that his plea was unknowing because his attorney allegedly promised that he would be afforded safety valve relief and receive an 87-month sentence. Therefore, based on the advice from his attorney, Petitioner states his plea was not knowing and intelligent as required by Rule 11.

A plea may be involuntary due to counsel's errors where the attorney materially misrepresents the consequences of the guilty plea. *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir.2005), cert. denied, 547 U.S. 1164, 126 S.Ct. 2318, 164 L.Ed.2d 841 (2006). Nowhere in his petition does Petitioner claim that counsel's advice regarding pleading guilty was erroneous.  Nowhere in his petition does Petitioner claim that his counsel's allegedly deficient performance affected the knowing and intelligent nature of his guilty plea.

The court notes that the plea agreement and the change of plea colloquy make it clear that a sentence different than the one purportedly promised to him (87 months) by his defense attorney could be imposed. The court found on October 11, 2005 that defendant's plea of guilty to Count 3 of the Indictment was knowing, intelligent, and voluntary, and not induced by fear, coercion, or ignorance. (Ct. Rec. 88).  Petitioner chose to provide a written proffer in lieu of an interview opportunity

with the government.  Given that the information for the § 3553(f)(5) safety valve analysis was within Petitioner's possession, not his attorney's, the court cannot now conclude that his plea was unknowing based on his failure to qualify for the 2-level reduction that would result in an 87-month sentence. The court finds that the Movant has failed to show a constitutional violation under Ground Two.

### III.  CONCLUSION

The Petitioner asked for an evidentiary hearing.  The court finds that Petitioner is not entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255.  Under the record before the court, Petitioner's motion is herewith dismissed without sending it to the United States Attorney for response.  Accordingly,

**IT IS ORDERED** that:

1. Mr. Pineda-Arreguin's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed May 20, 2008 (Ct. Rec. 135, CR-04-2160-LRS; Ct. Rec. 1, CV-08-3034-LRS) is **DENIED.**

2. The District Court Executive is directed to:

(a) File this Order;

(b) Provide a copy to Petitioner **AND TO** the United States Attorney, Yakima, Washington; and

(c) **CLOSE THESE FILES.**

**DATED** this 18th day of November, 2008.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 8